1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10  DONALD B. HATTON,
11          Plaintiff,                   No. CIV.S. 06-1888 GEB GGH PS
12      vs.
13  BANK OF AMERICA,                     ORDER
14          Defendant.
15  _____/
16          Plaintiff, proceeding in pro se, has requested leave to proceed in forma pauperis
17  pursuant to 28 U.S.C. § 1915.  This matter was referred to this court pursuant to E. D. Cal. L. R.
18  72-302(c)(21).
19          Plaintiff has submitted an affidavit demonstrating he is unable to prepay fees and
20  costs or give security for them.  Plaintiff has no assets and his only income derives from Social
21  Security benefits and supplemental security income, totaling $1045 per month.  Accordingly, the
22  request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).
23          The determination whether plaintiff may proceed in forma pauperis does not
24  complete the inquiry.  Title 28 U.S.C. § 1915(e)(2) directs the court to dismiss a case at any time
25  if the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a
26  claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1

Additional grounds for dismissing a proposed complaint are improper form (Fed. R. Civ. P. 10(b)); lack of subject matter jurisdiction (Rule 12(b)(1)); and failure to state a claim upon which relief may be granted (Rule 12(b)(6)). The complaint must also comply with general rules of pleading, as set forth in Fed. R. Civ. P. 8(a), requiring clear statements of (1) the court's jurisdiction, (2) claims showing entitlement to relief, and (3) demand for relief.

The complaint alleges that plaintiff opened a savings account in May 1978 at the Brisbane, California branch of Bank of America, by depositing a royalty check in the amount of $24,000,000,000,000.00. Defendant Bank of America thereafter "erased Plaintiff's Savings Account completely from their computer memory systems by said employee [not identified] with forethought and malice after countless attempts to contact Bank of America over eleven years with no result." Plaintiff states the money "has never been escheated over to the State Controller's Office" and seeks restitution plus interest for a total amount (as of May 2006) of $412,000,000,000,000,000,000,000.00; in a separate document, plaintiff "has waived punitive damages." The complaint, read in tandem with the civil cover sheet, alleges a cause of action for "fraud banking."

The complaint is not only in improper form (consisting of two separately filed documents entitled "complaint" and "waiver of damages"), and appears legally frivolous due to the amount of money involved and the fact the challenged transaction occurred more than twenty-five years ago (see Nietzke v. Williams, 490 U.S. 319, 327-28 (1989) (a complaint is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) if it contains "fanciful factual allegations" and "inarguable legal conclusion[s]"), but – most significantly – fails to demonstrate this court's subject matter jurisdiction. "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996). A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. See Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). Lack of subject matter

1  jurisdiction may be raised at any time by either party or by the court.  See <u>Attorneys Trust v.</u>
2  <u>Videotape Computer Products, Inc.</u>, 93 F.3d 593, 594-95 (9th Cir. 1996).  The basic federal
3  jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity"
4  jurisdiction, respectively, while statutes regulating specific subject matter may also confer federal
5  jurisdiction.  <u>See generally</u>, W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, <u>Federal Civil</u>
6  <u>Procedure Before Trial</u> § 2:5.

7       The complaint makes no coherent reference to federal law, and does not assert
8  diversity jurisdiction warranting this court's application of state law.  The complaint must
9  therefore be dismissed.  However, consistent with the court's liberal construction of pro se
10 pleadings,[1] the court will grant leave to file a nonfrivolous amended complaint in proper form
11 that demonstrates this court's subject matter jurisdiction, within thirty days of the date this order
12 is filed.

13      Plaintiff also seeks, in a separately filed document, court-appointed counsel to
14 assist him in pursuing this matter.[2]  For the reasons set forth below, the request is denied.

15      In proceedings that do not threaten a litigant with loss of physical liberty, there is
16 presumptively no right to appointed counsel.  <u>Lassiter v. Department of Social Services</u>, 452 U.S.
17 18, 26-27 (1981).  Where a litigant does not have a right to appointed counsel, the court
18 nonetheless has discretion under 28 U.S.C. § 1915(e)(1) to "request" counsel represent an
19 indigent civil litigant.  Section 1915(e)(1) authorizes the court only to request an attorney

---

[1] Pro se pleadings are liberally construed.  <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); <u>Balistreri v. Pacifica Police Dep't.</u>, 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.  <u>See</u> <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1230 (9th Cir. 1984).

[2] Plaintiff's request states in full: "Because of the conditions of this case Plaintiff has not been able to retain counsel after consulting many attorneys.  They have all refused to assist so Plaintiff is requesting that a court appointed attorney be assigned to the case and if and when the account is recovered the plaintiff will reimburse the attorney involved for his or her assistant [sic] at the attorney's rate of pay for services."

1  represent a litigant and does not authorize an order appointing an attorney.  See Mallard v. United
2  States District Court for the Southern District of Iowa, 490 U.S. 296, 301-307 (1989).  In the
3  Ninth Circuit, the court may request counsel under section 1915 only in "exceptional
4  circumstances."  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th.Cir.1990).  A finding of
5  "exceptional circumstances" requires an evaluation of both (1) the likelihood of success on the
6  merits and (2) the ability of plaintiff to articulate his claims in pro se in light of the complexity of
7  the legal issues involved.  Id.  Neither of these factors is dispositive and both must be viewed
8  together before reaching a decision on the motion.  Id.

9  The present complaint is clearly articulated, but lacks credibility in light of the
10 extraordinary amount of money plaintiff alleges he deposited (24 trillion dollars) and the
11 significant passage of time.  Based upon the current record, plaintiff is unlikely to prevail on the
12 merits of his claim but appears fully capable of articulating his claims in pro se.  Accordingly,
13 plaintiff's motion for the court's assistance in obtaining counsel is denied.

14 Accordingly, IT IS ORDERED that:

15 1. Plaintiff's request for leave to proceed in forma pauperis is granted;

16 2. Plaintiff's request for appointment of counsel is denied;

17 2. Plaintiff's complaint is dismissed;

18 3. Plaintiff is granted thirty days from the filing date of this order to file an
19 amended complaint that establishes this court's subject matter jurisdiction; the amended
20 complaint must bear the docket number assigned this case and must be labeled "Amended
21 Complaint;" plaintiff must file an original and two copies of the amended complaint; and

22 4. Failure to file an amended complaint in accordance with this order will result
23 in a recommendation this action be dismissed.

24 DATED: 9/11/06                                              /s/ Gregory G. Hollows

25                                                                        _____
                                                                          GREGORY G. HOLLOWS
                                                                          UNITED STATES MAGISTRATE JUDGE
26 NOW6:Hatton.1888.ifp